# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RENE FLORES, *et al.*,<br><br>　　　　　Defendants. | CR 13-00751 R-TJH<br><br><br>Amended Order |

　　　The Court has considered Defendant Rene Flores's motion to reinstate his petition to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, together with the moving and opposing papers.

　　　On October 18, 2013, the Government filed an indictment ["the Indictment"] against Flores, charging him with: (1) One count of conspiracy to possess cocaine with intent to distribute cocaine, in violation of 21 U.S.C. § 846 ["Count 1"]; (2) Conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951 ["Count 2"]; and (3) Carrying a firearm in relation to a drug trafficking offense *and* a crime of violence, in violation of 18 U.S.C. § 924(c) ["Count 3"]. This case was originally assigned to District Judge Manuel Real.

　　　On December 10, 2013, the parties entered into a plea agreement ["the Plea

Agreement"], in which the Government agreed to move to dismiss Count 1 and Flores agreed to plead guilty to Counts 2 and 3. The Plea Agreement defined Count 3, in the Nature of the Offense section, as follows: "Defendant understands that for defendant to be guilty of the crime charged in count three (violation of Title 18, United States Code, Section 924(c)(1)(A)), the following must be true: (1) A person named in count three of the indictment ("the co-conspirator") committed the crime of possession of a firearm in furtherance of a crime of violence, as alleged in that count; (2) The co-conspirator was a member of the conspiracy charged in count two of the indictment; (3) The co-conspirator committed the crime charged in count three of the indictment in furtherance of the conspiracy; (4) Defendant was a member of the same conspiracy at the time the offense charged in count three was committed; and (5) The offense charged in count three fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement ["Nature of the Offense Section"]." The Nature of the Offense Section defined Count 3 as being predicated on Count 2. Notably absent from the Nature of the Offense Section was any language relating to drug trafficking.

On December 5, 2013, District Judge R. Gary Klausner presided over Flores's change of plea hearing. Although judges may reject a plea agreement, Judge Klausner accepted the Plea Agreement, here, and conducted the change of plea hearing pursuant to the Plea Agreement. *See United States v. Kyle*, 734 F.3d 956, 963 (9th Cir. 2013). Flores pled guilty to Counts 2 and 3.

On March 10, 2014, at what was supposed to be Flores's sentencing hearing, Judge Real expressed concern as to the nature of the crimes Flores pled guilty to because "in fact and in truth, there never was any actual crime available to commit." Judge Real ordered further briefing from the parties and continued the sentencing hearing. On May 12, 2014, at a status conference, Judge Real dismissed the Indictment against Flores. The Government appealed.

The Ninth Circuit Court of Appeals reversed the dismissal and remanded with

instructions to reassign the case to a different judge. *See United States v. Flores*, 650 F. App'x. 362 (9th Cir. 2016). The case was, then, assigned to this Court.

On December 5, 2016, this Court sentenced Flores to 84 months, comprised of 24 months for Count 2 and 60 months for Count 3, to be served consecutively. The Court issued a Judgment and Commitment, noting, *inter alia*, that Flores pled guilty to "carrying a firearm during and in relation to . . . a drug trafficking crime *and* a crime of violence; in violation of Title 18 U.S.C. § 924(c)(1)(A); as charged in Count 3 of the Indictment."

On April 16, 2018, Flores filed, in *pro per*, a § 2255 motion, arguing, *inter alia*, that his defense counsel provided ineffective assistance of counsel. On August 7, 2018, through his newly appointed counsel, Flores filed a motion to withdraw his § 2255 motion, which the Court granted.

Flores, now, moves to reinstate his April 16, 2018, § 2255 motion.

The crux of Flores's instant motion is that pursuant to the Nature of the Offense Section in the Plea Agreement, he pled guilty only to a crime of violence predicate, specifically Count 2, which charged a conspiracy to commit a Hobbs Act robbery. Flores argued that conspiracy to commit a Hobbs Act robbery can no longer serve as a predicate crime of violence, in light of the Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). Accordingly, Flores argued that his Count 3 conviction and corresponding sentence must be vacated.

Flores cannot move to reinstate his April 16, 2018, § 2255 motion by setting forth new arguments that were not contained in his original motion. Rather, the Court will deem Flores's motion to reinstate his original § 2255 motion as a motion under § 2255.

In its opposition, the Government asserted that Flores's Count 3 conviction was, also, predicated on a drug trafficking crime. The Government argued that Flores pled guilty to "Count 3 of the Indictment" which was predicated on both a drug trafficking crime and a crime of violence. Accordingly, even if the crime of violence predicate

is no longer valid, the Government argued that the conviction under Count 3 may be sustained based on the drug trafficking crime predicate.

Plea agreements are contracts and, therefore, are construed using principles of contract law. *United States v. Myers*, 32 F.3d 411, 413 (9th Cir. 1994). In construing a plea agreement, the Court must determine what the defendant reasonably understood the terms of the plea agreement to be when he pled guilty. *Myers*, 32 F.3d at 413.

Although Count 3 may be sustained with either a drug trafficking predicate or a crime of violence predicate, here, the Nature of the Offense Section in the Plea Agreement limited Count 3 to a crime of violence predicate. However, the Government argued that Flores pled to a drug trafficking predicate because the Plea Agreement, also, referred to "Count 3 of the Indictment" – where the Indictment charged Flores with both predicates. The Government's argument is not persuasive.

When construing a contract, the more specific terms govern more general terms. *See Brinderson-Newberg Joint Venture v. Pacific Erectors, Inc.*, 971 F.2d 272, 279 (9th Cir. 1992). Here, the Nature of the Offense Section specifically narrowed the elements of Count 3 to one predicate, so it trumps the general reference to "Count 3 of the Indictment." *See Bringderson-Newberg*, 971 F.2d at 279.

The Government, also, pointed to the Judgment and Commitment, which noted that Flores pled guilty to both predicates. The Judgment and Commitment's language that Flores pled guilty to Count 3 with a crime of violence predicate and a drug trafficking predicate was a scrivener's error, rather than proof that Flores pled guilty to Count 3 with a drug trafficking predicate.

Accordingly, the Court finds that Flores pled guilty to Count 3 based only on a crime of violence predicate – specifically conspiracy to commit a Hobbs Act robbery.

Section 924(c) defines "crime of violence" under § 924(c)(3)(A) [the "Force Clause"] and § 924(c)(3)(B) [the "Residual Clause"]. The Supreme Court held the Residual Clause to be unconstitutionally vague in *Davis*, 139 S. Ct. at 2336. Accordingly, conspiracy to commit a Hobbs Act robbery may serve as a predicate

crime of violence only if it falls under the Force Clause. It does not. *See Mose v. United States*, CV 16-07131 TJH, 2017 WL 8727629 (C.D. Cal. July 26, 2017). Thus, Flores's Count 3 conviction must be vacated. *See Stromberg v. Cal.*, 283 U.S. 359, 368 (1931).

Finally, the Government argued that Flores's motion is untimely and, therefore, procedurally defaulted because it was not filed within one year of *Davis*. *See* 28 U.S.C. § 2255(f). However, untimeliness does not bar a *habeas* petition based on actual innocence. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1932 (2013). A petitioner is actually innocent when he was convicted of conduct not prohibited by law. *See Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011). Because Flores cannot be convicted of a § 924(c) count based on a conspiracy to commit a Hobbs Act robbery as the predicate crime of violence, Flores is actually innocent of his Count 3 conviction. *See Alaimalo*, 645 F.3d at 1047.

Accordingly,

It is Ordered that the motion to vacate, set aside, or correct Flores's sentence, pursuant to 28 U.S.C. § 2255, be, and hereby is, Granted.

It is further Ordered that Defendant Rene Flores sentence as to Count 3 be, and hereby is, Vacated.

It is further Ordered that Defendant Rene Flores be, and hereby is, Resentenced to time served as to Count 2.

It is further Ordered that Defendant Rene Flores shall be released forthwith.

Date: December 7, 2020

_____
Terry J. Hatter, Jr.
Senior United States District Judge

CC: BOP